FILED

APR 14 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DWIGHT DWAYNE GRANDBERRY, | No. 13-15334 |
| Plaintiff - Appellant, | D.C. No. 4:10-cv-04698-SBA |
| v. | |
| G. D. LEWIS, Chief Deputy Warden; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Saundra B. Armstrong, District Judge, Presiding

Submitted April 7, 2014[**]

Before: TASHIMA, GRABER, and IKUTA, Circuit Judges.

California state prisoner Dwight Dwayne Grandberry appeals pro se from

the district court's summary judgment in his 42 U.S.C. § 1983 action alleging that

defendants violated his equal protection rights by implementing a race-based

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

prison lockdown of Black inmates following an inmate assault and subsequent discovery of an inmate-made weapon. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *San Diego Police Officers' Ass'n v. San Diego City Emps.' Ret. Sys.*, 568 F.3d 725, 733 (9th Cir. 2009). We affirm in part, reverse in part, and remand.

The district court properly granted summary judgment on Grandberry's equal protection claim as to defendants Lewis and Meza because they were not responsible for the prison lockdown to which Grandberry was subjected. *See Leer v. Murphy*, 844 F.2d 628, 633-34 (9th Cir. 1988) (requiring an individualized inquiry into who caused an individual's alleged constitutional deprivation).

With respect to defendant Mantel, however, Grandberry raised a genuine dispute of material fact as to whether the race-based lockdown was narrowly tailored to address the compelling government interest of prison security. *See Johnson v. California*, 543 U.S. 499, 509-15 (2005) (applying strict scrutiny to racial classifications in prison context); *see also Richardson v. Runnels*, 594 F.3d 666, 671-72 (9th Cir. 2010) (prison officials must provide evidence "concerning the basis for regarding all African-Americans as [] security risk[s] when one or a few African-American inmates are responsible for an assault"). Viewing the evidence in the light most favorable to Grandberry, as we are required to do, *see*

*San Diego Police Officers' Ass'n*, 568 F.3d at 733, a triable dispute remains as to "the necessity of [the] racial classification in response to [the] prison disturbance[] and [whether] the racial classification was the least restrictive alternative." *Richardson*, 594 F.3d at 671 (citing *Johnson*, 543 U.S. at 505).

The parties shall bear their own costs on appeal.

**AFFIRMED IN PART, REVERSED IN PART, and REMANDED.**